UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **DANE RICHARDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00126-DPM |
| | ) |
| **CRAIN FORD OF LITTLE ROCK, LLC,** | ) |
| and **CAPITAL ONE AUTO FINANCE,** | ) |
| **INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant Capital One Auto Finance, a division of Capital One, N.A. ("COAF") (incorrectly identified in the Complaint as Capital One Auto Finance, Inc.), submits this Brief in support of its Motion to Dismiss.

### I. INTRODUCTION

Although his pleading is not a model of clarity, it is evident that the heart of Plaintiff's claims arise out of and relate to a direct dispute between him and the automobile dealer, Crain Ford of Little Rock, LLC ("Crain Ford"), who allegedly sold Plaintiff a defective vehicle. The allegations against COAF are few and far between, and Plaintiff does not allege that he had any direct communications or dealings with COAF. As it pertains to COAF, the only allegations are that "Defendants" ignored "standard financing rules regarding extending credit," and "electronically processed a loan" in his name. (Compl. ¶¶ 14, 16, ECF No. 2.) COAF is left to guess which "standard financing rules" it allegedly violated and how the processing of a loan gives rise to any claim, since they are not identified in the Complaint.

The dearth of allegations against COAF is especially glaring when it comes to Plaintiff's class allegations. Even assuming, arguendo, the truth of Plaintiff's unsupported allegations that Crain Ford undervalued trade-in vehicles or disregarded "standard financing practices" in connection with other vehicle sales, Plaintiff has not plausibly alleged that how those sales had anything whatsoever to do with COAF. (Compl. ¶ 7.)

Plaintiff's vague, conclusory allegations against COAF, combined with Plaintiff's failure to identify any cognizable legal theory on which COAF may be held liable and any facts to support a class action, justify the dismissal of Plaintiff's claims against COAF as a matter of law.

## II. PLAINTIFF'S ALLEGATIONS

According to the Complaint, on December 9, 2019, Plaintiff purchased of a vehicle from Crain Ford. (Compl. ¶ 8.) Plaintiff alleges that Crain Ford undervalued his trade-in and sold him a warranty "on a vehicle not operable." (Compl. ¶¶ 7, 10, 20.) That vehicle "has been in the possession of the dealership due to a defect in the transmission" and repair attempts have allegedly been unsuccessful. (Compl. ¶¶ 10-12.)

While Plaintiff has not had any contact with Crain Ford since December 18, 2019 (nine days after he purchased the vehicle), when Plaintiff was "confined to a medical and treatment facility," Plaintiff asserts that his father and attorney subsequently "notified the Defendants of cancellation numerous times." (Compl. ¶¶ 15, 17.) Plaintiff alleges that Defendants "electronically processed a loan in Plaintiff's name after being notified to cancel the transaction." (Compl. ¶ 16.)

Based on these allegations, Plaintiff claims that he and class members are entitled to "compensatory and punitive damages based upon Defendants' deliberate and willful violation of [] federal and Arkansas statutes," and seeks to rescind the sale. (Compl. ¶ 1.)

### III. ARGUMENT

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' by alleging 'sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (citation omitted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### A.     The Complaint Fail to State Any Claim Against COAF.

Plaintiff's Complaint does not separate his claims into separate counts, making it difficult to determine the theory and basis of any of Plaintiff's claims. *See* Fed. R. Civ. P. 10(b). As best COAF can discern, Plaintiff purports to state four claims: (1) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; (2) violation of the Arkansas Deceptive Trade Practices Act ("ATDPA") Ark. Code Ann. § 4-88-101 *et seq.*; (3) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (4) to rescind the sale of the vehicle. (*See* Compl. ¶ 1.) Plaintiff, however, fails to provide a plausible factual basis for asserting these claims against COAF. Thus, any claims against COAF should be dismissed.

#### 1.     Magnuson-Moss Warranty Act

The MMWA provides a private right of action to consumers who are "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under [the MMWA], or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). Plaintiff purports to state a claim under the MMWA based on "the failure to manufacturers to abide by their warranties." (Compl. ¶ 1.) Plaintiff alleges that the vehicle "was

manufactured and warranted by Fidelity Warranty Services and sold" by Crain Ford, and that Crain Ford sold him a warranty in violation of the MMWA. (Compl. ¶¶ 9, 10.) Plaintiff has not alleged any facts to support a MMWA claim against COAF.

### 2. Arkansas Deceptive Trade Practices Act

The ADTPA generally prohibits deceptive and unconscionable trade practices. *See* Ark. Code Ann. § 4-88-107. To state a claim for a violation, a plaintiff must allege "(1) a deceptive consumer-oriented act or practice which is misleading in a material respect, and (2) injury resulting from such act." *Skalla v. Canepari*, 2013 Ark. 415, 14, 430 S.W.3d 72, 82 (2013); *see Yazdianpour v. Safeblood Techs., Inc.*, 779 F.3d 530, 537–38 (8th Cir. 2015). In pleading this claim, a plaintiff must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see, e.g.*, *Perez v. Volkswagen Grp. of Am., Inc.*, No. 2:12-CV-02289, 2013 WL 1661434, at *8 (W.D. Ark. Apr. 17, 2013). To satisfy the particularity standard, "the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir. 2018) (quoting *Olson v. Fairview Health Servs. of Minnesota*, 831 F.3d 1063, 1070 (8th Cir. 2016)). "Particularly in cases with multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Id.* (quoting *Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1013 (8th Cir. 2015)). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs. Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

Plaintiff's Complaint fails to allege the essential elements of an ADTPA claim and fails to satisfy the pleading standard of Rule 9(b). The Complaint alleges that "Crain Ford knowingly

made a false representation as to the standard of quality of the vehicle in violation of the" ADTPA. (Compl. ¶ 13.) It does not allege any "deceptive consumer-oriented act or practice which is misleading in a material respect" by COAF, *Skalla v. Canepari*, 2013 Ark. at 14, much less the who, what, when, where, and how of the alleged fraud. It also does not allege any injury resulting from COAF's (unspecified) act or practice. Plaintiff's ADTPA claim therefore should be dismissed. *See, e.g.*, *Dickinson v. SunTrust Mortg., Inc.*, No. 3:12-CV-00112 BSM, 2015 WL 1868827, at *2 (E.D. Ark. Apr. 23, 2015) (dismissing ADTPA claims because the complaint failed to allege any deceptive or misleading practice); *Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1085–86 (E.D. Ark. 2013) (granting judgment on the pleadings on the plaintiff's ADTPA claim where the plaintiff failed to "allege reasonable reliance and injury flowing from Defendants' allegedly deceptive conduct and she fail[ed] to plead her ADTPA claim with particularity").

### 3. Fair Credit Reporting Act

The FCRA regulates the consumer credit industry, establishing specific requirements for credit reporting agencies, those who furnish information to those agencies, and those who use the information provided by those agencies. *See Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008). To state a FCRA claim, a consumer must show that the defendant failed to comply with a requirement imposed under this Act. *See* 15 U.S.C. § 1681n.

Plaintiff's Complaint does not allege that COAF failed to comply with any specific requirement or provision of FCRA. Instead, Plaintiff simply concludes that "Defendants ignored standard financing rules regarding extending credit in violation of the Fair Credit Reporting Act. 15 U.S.C. §1681 *et seq.*" (Compl. ¶ 13.) This conclusory allegation is insufficient to state a claim.[1]

---

[1] To the extent Plaintiff's allegations are intended to state a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, that claim fails for the same reason. TILA provides consumers a private cause of action against "any creditor who fails to comply with any

*See, e.g.*, *Nosler v. Quick & Assocs.*, No. 4:20-CV-00267-KGB, 2020 WL 7212891, at *6 (E.D. Ark. Dec. 7, 2020) (dismissing statutory claims where the plaintiffs "merely listed sections of the Arkansas Code . . . and claimed that defendants 'failed to adhere to' them or that defendants' conduct violated them," and did not identify "any specific act of a defendant that would support a violation").

### 4. Rescission of the sale

Finally, Plaintiff claims he is entitled "to rescind the sale" of the vehicle. (Compl. ¶ 1.) That sale was between Plaintiff and Crain Ford. (Compl. ¶ 9.) *See generally* Ark. Code Ann. § 4-2-608 (providing that a buyer's revocation of acceptance "is not effective until the buyer notifies *the seller* of it" (emphasis added)). Plaintiff has not alleged any basis for relief from COAF, and therefore, this claim also should be dismissed.

### B. The Complaint Fails to Plead the Minimum Facts Necessary to Support a Class Action.

Even if Plaintiff's allegations were sufficient to state an individual claim, which they are not, Plaintiff has not alleged facts to support certification of a class. Under Fed. R. Civ. P. 23(a), the party seeking to certify a class must establish that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." The party must also show that at least one of three requirements listed in Rule 23(b) is satisfied. *See Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1086 (E.D. Ark. 2013). Further, "[a]n implicit requirement for any class certification inquiry involves a court's assessment as to the

---

requirement imposed under this part." 15 U.S.C. § 1640(a). Plaintiff has not identified any conduct by COAF that violated a requirement imposed under TILA.

ascertainability of the class. The description of a proposed class must be sufficiently definite to permit class members to be identified by objective criteria." *Murphy v. Gospel for Asia, Inc.*, 327 F.R.D. 227, 234 (W.D. Ark. 2018); *see John v. Nat'l Sec. Fire & Cas.* Co., 501 F.3d 443, 445 (5th Cir. 2007) ("The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23."). "[C]lass claims that fail to meet the requirements of Rule 23 may be properly dismissed by granting a Rule 12(b)(6) motion." *McCrary v. Stifel, Nicolaus & Co.*, 687 F.3d 1052, 1059 (8th Cir. 2012); *see also Jarrett*, 8 F. Supp. 3d at 1090 ("Where class allegations are insufficient to support certification, a district court has the authority and discretion to strike those allegations under Rule 23(d)(1)(D).").

In his Complaint, Plaintiff seeks to represent a class of "all former and current customers of Crain Ford [] and [COAF] that were affected by the entities' pattern and practice of ignoring standard financing rules regarding extending credit and employing deceptive and predatory lending practices to the detriment of the public." (Compl. ¶ 6.) This class definition creates an impermissible "fail-safe" class and requires an individualized merits-based determination to ascertain class membership. *See Orduno v. Pietrzak*, 932 F.3d 710, 716 (8th Cir. 2019) (recognizing that a fail-safe class, "in which the class is defined to preclude membership unless a putative member would prevail on the merits," is prohibited). Even putting that aside, Plaintiff not only fails to allege any factual basis for his claim that COAF ignored "standard financing rules" or employed "predatory lending practices," but also fails to allege any factual basis for asserting any claim on behalf of this class. The Complaint contains no allegations regarding how the putative class satisfies the numerosity requirement, what questions of law or fact are common, how Plaintiff's claims are typical of the class, or why Plaintiffs will be an adequate representative. The

Complaint also lacks any facts to meet the pleading requirement of Rule 23(b). Because the Complaint fails to satisfy the requirements for class-action claims under Rule 23, Plaintiff's class allegations should be dismissed.

### IV. **CONCLUSION**

Plaintiff's Complaint fails to state any claim against COAF upon which relief can be granted, and fails to allege any facts to support certification of a class. For all the reasons stated above, this Court should dismiss Plaintiff's claims against COAF or, at a minimum, dismiss Plaintiffs' class allegations.

Respectfully submitted,

*/s/ Christopher D. Meyer*
Christopher D. Meyer (AR Bar #2020115)
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite M-100
Jackson, MS 39201
Phone: (601) 709-3455
cmeyer@burr.com
*Attorney for Defendant Capital One Auto Finance, a division of Capital One, N.A.*

**CERTIFICATE OF SERVICE**

I, Christopher D. Meyer, hereby certify that the foregoing document has been served on the party listed below by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this, the 1st day of March, 2021:

> Richard L. Mays, Sr.
> Mays, Byrd & Associates, P.A.
> 212 Center St., 7th Floor
> Little Rock, AR 72201
> *Attorney for Plaintiff*

> */s/ Christopher D. Meyer*
> OF COUNSEL