IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DANE RICHARDSON                              PLAINTIFF

v.                      No. 4:21-cv-126-DPM

CRAIN FORD OF LITTLE ROCK, LLC,
and CAPITAL ONE AUTO FINANCE,
INC.                                                  DEFENDANTS

ORDER

**1.** Richardson bought a pick-up truck from Crain Ford. He traded in his SUV and purchased a warranty on the truck, too. Richardson pleads that Crain Ford undervalued his trade-in, sold him a warranty on a faulty vehicle, and misrepresented the truck's quality. He also says that Crain Ford and Capital One ignored financing rules by processing a loan in his name when they shouldn't have. And he insists he's not alone, bringing a class action that alleges Crain Ford routinely undervalues trade-ins and that both defendants regularly disregard standard financing rules and use deceptive and predatory lending practices. Having removed the case, Capital One moves to dismiss Richardson's complaint for failure to state a claim. Crain Ford has not yet appeared. The Court accepts the pleaded facts as true. *Trone Health Services, Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 850 (8th Cir. 2020).

2. Richardson must plead his causes of action with enough specificity to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). His state court complaint needs more details to meet federal pleading requirements. Richardson's allegations involving Capital One invoke the Fair Credit Reporting Act in conclusory fashion. *Doc. 2 at ¶¶ 14 & 16*. He fails to specify which provisions of that Act the company violated or which financing rules were disregarded. Richardson's response supposes a claim against Capital One under ARK. CODE ANN. § 4-2-608(3), *Doc. 5 at 3–5*, but the complaint doesn't mention that statute or provide factual support. Richardson's claim that both defendants electronically processed a loan in his name despite being told to cancel the transaction and without validating his income or employment is concerning. But that allegation isn't pleaded under any particular cause of action. Capital One is entitled to more notice about what law was supposedly violated. Richardson, though, is entitled to re-plead and try to fill the gaps. FED. R. CIV. P. 15(a)(2).

\* \* \*

Capital One's motion to dismiss, *Doc. 3*, is granted. Richardson's claims against Capital One are dismissed without prejudice and with leave to amend. Amended complaint due by 16 April 2021.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

24 March 2021